## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARY BUSH,** : | |
| **Plaintiff** : | |
| : | |
| **v.** : | **CIVIL NO. 20-0774** |
| : | |
| **ALEXANDER J. CHOTKOWSKI,** *et al.,* : | |
| **Defendants.** : | |

### MEMORANDUM

**PRATTER, J.**  **MAY 4, 2020**

Plaintiff Mary Bush brings this civil action, pursuant to 42 U.S.C. § 1983, against Alexander J. Chotkowski, Joseph Bush, and Michael Bush. Ms. Bush seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ms. Bush leave to proceed *in forma pauperis* and dismiss her Complaint in its entirety for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. FACTUAL ALLEGATIONS

Ms. Bush's Complaint is lengthy, a challenge to understand, and includes numerous exhibits. The Complaint itself, which consists of 28 pages, contains excerpts from prior state court filings and proceedings, excerpts of deposition testimony, and numerous conclusory allegations. (ECF No. 2.) In short, although this Court has thoroughly reviewed Ms. Bush's Complaint, her claims are conclusory and not well pled, and her Complaint contains a great amount of detailed information about an unhappy and ongoing underlying family dispute, which complicates the effort to decipher her claims.

Ms. Bush raises federal claims pursuant to 42 U.S.C. § 1983, averring that the defendants violated and conspired to violate her constitutional rights, as well as the constitutional rights of

1

her mother, Genevieve Bush. (ECF No. 2 at 2.) Ms. Bush contends that "Alexander Chotkowski, Joseph and Michael Bush through court appointments are actors acting under color of state law." (*Id.*) The allegations in the Complaint focus on a family dispute that has been ongoing since at least 2004, and concern various finances and property. In particular, the Complaint avers that

> Mary Bush individually for herself and as Successor Trustee alleges claims for the acts and failures to act leading to the depredation of rights and liberties guarantee by our Constitution against defendants/co-conspirators jointly and severally: Alexander J Chotkowski individually and as attorney for Joseph Bush individually and as guardian of the estate and Michael Bush individually and as 'guardian of the Person'. Mary Bush is alleging that all defendants, in each capacity named, jointly and severally, violated and conspired to violate the constitutional rights of Mary Bush and Genevieve Bush. In acts of malicious intent Joseph and Michael violations raided the Trust they were intentionally written out of. The Trust worth well over one million dollars was deliberately depleted to Zero and now Defendants are pursuing to liquidate property originally belonging to Plaintiff, through Defendants ongoing deceptions it was forced to be gifted to Genevieve, so they are attempting to sell the property . . . Plaintiff asserts this property is legally hers.

(*Id.* at 2-3.) (errors in original).

Ms. Bush's Complaint has four separate counts, each of which asserts a violation pursuant to 42 U.S.C. § 1983. Specifically, Count I asserts "Malicious/Wrongful/Abuse of civil process" against all named Defendants (*Id.* at 7-23); Count II asserts "CONVERSION" against Joseph and Michael Bush (*Id.* at 23-25); Count III asserts "CONSPIRACY/FRAUD" against all named Defendants (*Id.* at 25-26); and Count IV asserts "BREACH OF FIDUCIARY DUTY" against all named Defendants (*Id.* at 26-28). In her prayer for relief, Ms. Bush seeks, *inter alia*, the following:

> damages against Defendants the fair market value of the vehicles at the time taken, TV and the return of the 1628 Glenside Road, West Chester Pa home and her belongings inside it and treble damages to refund the TRUST. Plaintiff seeks an Order declaring the conduct of Defendants to

be in violation of Plaintiff's constitutional rights, awarding Plaintiff damages for Defendants' unconstitutional conduct that resulted in Plaintiff's injuries and damages as well as other injuries and damages and consequences that are found to be related to the liquidation of the TRUST that develop or manifest themselves during the course of discovery and trial.

(*Id.* at 28.)

## II. STANDARD OF REVIEW

The Court will grant Ms. Bush leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Although the Court must take the Complaint's factual allegations as true, it must also "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128

---

[1] In accordance with the Court's general practice, Ms. Bush's Motion to Proceed *In Forma Pauperis* was docketed as a restricted entry that may only be viewed by the Court. However, to the extent Ms. Bush requests in her Motion to seal this entire proceeding, her request is denied. *See Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994).

3

(3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Conclusory allegations do not suffice. *Id.* Because Ms. Bush is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Further, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Fundamentally, Rule 8 requires that a complaint provide fair notice of "what the ... claim is and the grounds upon which it rests." *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III. DISCUSSION

### A. Claims on Behalf of Genevieve Bush and the Trust

Ms. Bush asserts that she is the daughter of Genevieve Bush and identifies herself as the trustee of the "Genevieve Bush Revocable Living Trust." (ECF No. 2 at 1, 5, 7.) It appears from the Complaint that Ms. Bush is attempting to bring claims on behalf of her mother and the Trust. "Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court." *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018); *see also* 28 U.S.C. § 1654; *Twp. of Lyndhurst, N.J. v.*

*Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

The Supreme Court in *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993), reinforced the rule that corporations and other artificial entities may only appear in federal court through counsel. Accordingly, courts have found that a *pro se* trustee, who is not an attorney, may not represent a trust in federal court because without counsel, the trust may not appear in federal court. *See, e.g.*, *In re Olick*, 571 F. App'x 103, 106 (3d Cir. 2014) (finding it highly questionable whether an executor of an estate who is not an attorney may file suit on behalf of an estate) (citing *Rowland*, 506 U.S. at 201–02) (other citation omitted); *Caputo v. Forceno*, Civ. A. No. 15-1911, 2015 WL 2089401, at *2 (E.D. Pa. May 5, 2015) ("Federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors."); *Johnson v. Marberry*, 549 F. App'x 73, 75 (3d Cir. 2013) (per curiam) (*pro se* litigant could not prosecute claims on behalf of estate/heirs)). Accordingly, Ms. Bush may not represent her mother in this action, nor may she represent the "Genevieve Bush Revocable Living Trust."

### B. Claims on Behalf of Ms. Bush herself

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

5

> privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). The "under color of state law" element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

In her Complaint, Ms. Bush avers that "Alexander Chotkowski, Joseph and Michael Bush through court appointments are actors acting under color of state law." (ECF No. 2 at 2.) It appears from the Complaint that Mr. Chotkowski is a private attorney who has represented Joseph and Michael Bush. (*Id.*) The Complaint also avers that Joseph Bush is a "guardian of

6

estate" and Michael Bush is a "guardian of person." (*Id.*) Despite these allegations, it is clear that Mr. Chotkowski, and Joseph and Michael Bush are private individuals, not arms of the state. Even if each of them has been appointed by the state court to serve in a guardian capacity, they are still not considered to be state actors for § 1983 purposes.[2] *See Goodson v. Maggi*, 797 F. Supp. 2d 624, 637-38 (W.D. Pa. 2011) (guardian *ad litem* is not a state actor for § 1983 purposes); *accord Christian v. Reynolds-Christian*, Civ. A. No. 19-0133, 2019 WL 2567275, at *3 (M.D. Tenn. June 21, 2019) (finding child's court-appointed special advocate was not a state actor for § 1983 purposes); *Frederick v. W. Va. Dep't of Health & Human Servs.*, Civ. A. No. 18-01077, 2019 WL 1198027, at *19-*22, *24 (S.D. W.Va. Feb. 15, 2019) (finding court-appointed special advocate workers were not state actors for § 1983 purposes); *DeFibaugh v. Big Brothers/Big Sisters of Ne. Ohio*, Civ. A. No. 17-645, 2017 WL 4620795, at *4–*5 (N.D. Ohio Oct. 16, 2017) (finding court-appointed special advocate volunteer appointed as guardian ad litem was not a state actor for § 1983 purposes). Additionally, Mr. Chotkowski cannot be considered a state actor based solely on his status as an attorney. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").

Any federal constitutional claims against Defendants Chotkowski, and Joseph and Michael Bush must be dismissed with prejudice pursuant to § 1915(e)(2)(B) because § 1983 claims against these non-state actors are not plausible. *See Brett v. Zimmerman*, Civ. A. No. 15-

---

[2] Under limited circumstances, a private individual may be liable under § 1983 if his or her conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of the state itself. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142-1143 (3d Cir. 1995) (detailing the various tests used to analyze whether private conduct may be treated as state action). But none of the conduct alleged by Ms. Bush can be fairly viewed as state action. Ms. Bush has failed to allege facts to plausibly demonstrate that any of the named defendants "acted with the help of or in concert with state officials." *Id.*

7

2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending dismissal of § 1983 claims against private individual as frivolous), *report and recommendation adopted by* 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Toroney v. Woyten*, Civ. A. No. 86-4871, 1986 WL 11081, at *1 (E.D. Pa. Oct. 3, 1986) (dismissing § 1983 claims against private actor as frivolous).

Ms. Bush may also be raising state law tort claims against the named Defendants. Because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction over any state law claims against them. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. *Id.* at 107-08.

Ms. Bush asserts that she is "an adult citizen and resident of the Commonwealth of Pennsylvania" residing in West Chester, Pennsylvania. (ECF No. 2 at 1.) Although Ms. Bush has not specifically alleged the state of citizenship of the named defendants, it appears from the Complaint that all of them also reside in Pennsylvania. (*Id.*) Ms. Bush's allegations, however, do not explicitly reveal the defendants' citizenship for purposes of establishing diversity. She has failed to meet her burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims she may be raising, and the Court will dismiss any state claims on that basis. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3).

## IV. CONCLUSION

Thus, the Court will grant Ms. Bush leave to proceed *in forma pauperis* and dismiss her Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The federal claims will be dismissed with prejudice for failure to state a claim upon which relief may be granted, and her state law claims will be dismissed for lack of subject matter jurisdiction. Ms. Bush will not be permitted to file an amended complaint because the Court concludes that amendment would be futile. Ms. Bush's "Praecipe to file Lis Pendens" will be stricken from the docket because the Court has dismissed this case. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER, J.