IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY BUSH, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| ALEXANDER J. CHOTKOWSKI, *et al.*, *Defendants* | : : : | No. 20-774 |

**MEMORANDUM**

PRATTER, J.  JUNE //, 2021

Last year, Mary Bush, proceeding *pro se*, tried to bring a federal constitutional case against her two brothers, Joseph Bush and Michael Bush, and their attorney, Alexander J. Chotkowski. The Court dismissed her federal claims for failure to state a claim and her state law claims for lack of subject matter jurisdiction.[1] Because the Court concluded that amendment would be futile, Ms. Bush was not granted leave to file an amended complaint. Ms. Bush subsequently moved for reconsideration, which the Court denied. Undeterred, Ms. Bush appealed.

Shortly before appealing, Ms. Bush moved for sanctions against opposing counsel. While her appeal was pending, she requested an extension of time to serve Defendants and moved for relief from judgment under Rule 60(b). In turn, Defendants filed their own motion for sanctions against Ms. Bush, to which Ms. Bush opposed with her second motion for sanctions. An "ADA Advocate" then filed a "motion to intervene" in support of Ms. Bush's motions for sanctions.

The Court placed these pending motions in suspense until the Third Circuit Court of Appeals resolved Ms. Bush's appeal. The appellate court recently affirmed the Court's dismissal

---

[1] The Court previously detailed the multiple infirmities in Ms. Bush's complaint. *Bush v. Chotkowski*, No. CV 20-0774, 2020 WL 2198976, at *5 (E.D. Pa. May 6, 2020), *aff'd*, No. CV 20-2099, 2021 WL 2287430 (3d Cir. Mar. 22, 2021).

1

and held that the Court did not abuse its discretion in denying Ms. Bush's motion for reconsideration. Now that the appeal has concluded, the Court *sua sponte* removed the case from suspense to address these remaining motions.

For the reasons that follow, the Court denies Ms. Bush's motion for relief from judgment under Rule 60(b), her two motions to sanction opposing counsel, and Defendants' motion to sanction Ms. Bush. The Court deems moot Ms. Bush's motion for an extension of time to serve Defendants and the third party's "motion to intervene" on Ms. Bush's behalf.

## DISCUSSION

### I. Motion for Relief from Judgment under Rule 60(b)

Rule 60 governs the relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60.[2] Such "extraordinary relief" should "be granted only where extraordinary justifying circumstances are present." *Plisco v. Union R. Co.*, 379 F.2d 15, 16 (3d Cir. 1967). A party is not entitled to a do-over of her claims simply because she disagrees with the outcome. Notwithstanding that this Court has previously denied her motion for reconsideration and that the Third Circuit Court of Appeals has affirmed that denial, Ms. Bush appears to treat this motion essentially as a second motion for reconsideration. Ms. Bush does not specify under which of the six subsections of Rule 60(b) she is proceeding. Regardless, the Court denies the motion.

---

[2] Rule 60(b) authorizes relief for the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; and (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Fed. R. Civ. P. 60(b)(1)-(5). Rule 60(b)(6) is a catch-all provision that permits a court to grant relief from a final judgment based on any "reason that justifies relief," other than the five articulated grounds in (b)(1) through (5).

The motion appears to fault the Court for not having considered "several of her April filings before ruling," which Ms. Bush argues give her claim "facial plausibility." Doc. No. 22. Not so. The Court dismissed Ms. Bush's complaint for several reasons, none of which are cured by these April filings. *First*, Ms. Bush, who is not an attorney, could not represent either her mother or her mother's trust *pro se*. *Bush*, 2020 WL 2198976, at *3 ("Although an individual may represent herself or himself *pro se*, a non-attorney may not represent other parties in federal court."). *Second*, for purposes of bringing a claim under 42 U.S.C. § 1983, none of the named defendants are state actors. Because the "under color of state law" element of a § 1983 claim was not satisfied, the claims against those defendants failed. *Id.* at *3-4. These incurable defects led the Court to dismiss with prejudice Ms. Bush's federal claims. As to her state claims, the Court found that it lacked subject matter jurisdiction. Because it appeared from the complaint that both she and all the defendants are Pennsylvania residents, diversity of citizenship was not satisfied. *Id.* at *5.

A party bringing a Rule 60(b) motion "bears a heavy burden." *Plisco*, 379 F.2d at 17. Ms. Bush comes nowhere close to satisfying it.

## II. Motions for Sanctions

The Third Circuit Court of Appeals has held that a district court has jurisdiction to entertain Rule 11 motions and to impose sanctions post-appeal. *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988). That is because such a motion is collateral to the appeal on the merits. The decision to impose Rule 11 sanctions rests soundly within the Court's discretion.

### A. Ms. Bush's Motions for Sanctions

As a threshold matter, the Court previously dismissed the complaint and directed the Clerk of Court to close this case. But independent of—and in addition to—this Court and the Third Circuit Court of Appeal's conclusion that Ms. Bush failed to state a claim, the complained-about

3

conduct is not sanctionable. Instead, as with her Rule 60(b) motion, her motions for sanctions essentially seek to litigate a case that she cannot maintain in federal court. Specifically, Ms. Bush asks the Court to order Attorney Chotkowski to cease and desist "threating [sic] behavior," to compel Defendants to tell her where her mother is and allow her contact with her mother. Ms. Bush is not literally proceeding under Rule 11, but the Court will construe her requests as one arising under it.

As for her first motion, Ms. Bush contends that Attorney Chotkowski sent her an allegedly "threatening letter" "to intimidate and continue to harass" her. Doc. No. 14 at 1. The Court has carefully reviewed the allegedly offending communication. It is Defendants' own notice under Rule 11 that they may seek sanctions based on Ms. Bush's conduct. It outlines the parties' ongoing dispute over defendants' appointment as guardians of Ms. Bush's mother, which includes, among other things, the sale of her mother's property. This dispute is currently being litigated in the Chester County Court of Common Pleas. Attorney Chotkowski correctly explains that this federal case was dismissed because the Court lacked jurisdiction. So, this Court will not entertain the merits of whatever claims are actively being litigated elsewhere in a proper forum.

Moreover, the letter explains that, as a result of the since-dismissed federal action, Attorney Chotkowski and his clients—all named defendants—have incurred legal fees and other costs to defend themselves. Attorney Chotkowski informs Ms. Bush that filing "malicious and frivolous legal actions"—as he characterizes *this* case to be—may open Ms. Bush up to Rule 11 sanctions and the possibility that she may be required to reimburse Defendants. The letter also details statements that Ms. Bush has made in her legal filings that Attorney Chotkowski claims are misrepresentations that rise to an actionable level.

4

The Court will not permit Ms. Bush to avail herself of a sanctions motion to litigate her case here. Nor does it find that Attorney Chotkowski's Rule 11 notice gives her grounds to seek sanctions. *First*, Rule 11 governs representations made "to the Court." Fed. R. Civ. P. 11(b). But as Defendants correctly note, Ms. Bush's motion is based entirely upon correspondence between the parties. *Second*, Ms. Bush has filed what amounts to a cease and desist letter and which requires engaging with the merits of the parties' dispute. The Court declines to entertain this work-around to seek substantive relief.

*Third*, the motion is procedurally improper. Before a party may file a motion for sanctions, Rule 11(c)(2) requires a party to serve but not file or present "to the court if the challenged [action] is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). The letter from Attorney Chotkowski was dated on May 8, 2020 and received on May 12, 2020. Ms. Bush filed her motion on May 13, 2020. Based on the face of the motion, Ms. Bush could not have possibly served her sanctions motion upon Attorney Chotkowski and waited the requisite 21 days before filing it. Although *pro se* litigants are traditionally afforded "greater leeway where they have not followed the technical rules of pleading and procedure," *Metro. Life Ins. Co. v. Kalenevitch*, 502 F. App'x 123, 125 (3d Cir. 2012), the Court is troubled by Ms. Bush's apparent disregard of the Federal Rules of Civil Procedure, to say nothing of the fact that the "motion" fails to specify sanctionable conduct.

So, both procedural and substantive infirmities warrant denying her first motion for sanctions. Ms. Bush's second motion for sanctions, Doc. No. 30, is similarly unavailing. It is again a regurgitation of her allegations which this Court dismissed. Accordingly, the Court denies both of Ms. Bush's motions for sanctions.

5

## B. Defendants' Motion for Sanctions

Defendants filed their own motion for sanctions in relation to Ms. Bush's complaint, subsequent filings, and conduct. They contend that sanctions are appropriate for this alleged "*pro se* litigation hobbyist." Doc. No. 29 at 8. After reviewing Ms. Bush's conduct in this case and considering her *pro se* status, the Court will deny Defendants' request for attorneys' fees.

As discussed above, Defendants' May 8, 2020 Rule 11 Letter, which became the basis for Ms. Bush's motions, complied with the procedural requirements of the Rule. Defendants informed Ms. Bush that there was "no proper Federal jurisdiction" and that the facts and issues "have been litigated and adjudicated in the Pennsylvania State Courts." The letter placed Ms. Bush on notice that, should she continue to file "frivolous and dilatory filings," notwithstanding the dismissal of her case, Defendants would pursue whatever remedies available under Rule 11, including "sanctions, monetary fines, and other legal penalties." Doc. No. 14-1 at 3. More than 21 days later, Defendants properly filed their motion. Fed. R. Civ. P. 11(c).

Unfortunately, courts are all too familiar with family disputes that wind up in litigation. *See, e.g., Brice v. Hoffert*, No. 5:15-CV-4020, 2019 WL 3712013, at *3 (E.D. Pa. Aug. 7, 2019) (finding that suit brought by parents against daughter stemmed "from an unresolved family matter"); *Falah v. Statt Corp.*, No. CIV 08-1269(JBS), 2008 WL 5272054, at *2 (D.N.J. Dec. 16, 2008) (recognizing "the acrimonious and litigious family history behind this particular action"). Here, the parties have been engaged in protracted litigation over their mother and her estate for the past 13 years in multiple courts. Defendants move on the grounds that Ms. Bush's complaint and subsequent flood of filings were designed to delay the sale of her mother's property and thus were entirely frivolous. As to the delay, the Court has not only dismissed Ms. Bush's case with

"Praecipe to file *lis pendens*." So, the now-closed federal case presents no further remaining impediments to the sale of the estate.

The Third Circuit Court of Appeals makes clear that Rule 11 "targets abuse" and that sanctions are warranted only if the party's conduct "constituted abusive litigation or misuse of the court's process." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). True, Ms. Bush's status as a *pro se* litigant does not entitle her to abuse the judicial process. And it can fairly be said that Defendants (and this Court) must expend resources to contend with her voluminous filings. However, in considering whether to impose Rule 11 sanctions, the Court should factor in Ms. Bush's status as someone plainly without any legal training. *Ferreri v. Fox, Rothschild, O'Brien & Frankel*, 609 F. Supp. 400, 405 (E.D. Pa. 1988).

Courts have denied Rule 11 sanctions when a *pro se* plaintiff's claims were dismissed on standing or jurisdictional grounds. *See, e.g., Niyogi v. Intersil Corp.*, No. CIV 05-4685 AET, 2006 WL 2570826, at *2 (D.N.J. Sept. 5, 2006) (denying sanctions where case was dismissed on standing and statute of limitations at the motion to dismiss because plaintiff's "letters, pleadings, and motion briefs do not appear to be drafted by a person with legal training"). This is an acknowledgment that *pro se* plaintiffs without legal training may not recognize or appreciate the Court's limited jurisdiction or limitations on certain claims. Here, for example, although Defendants were court-appointed guardians, that appointment process does not make them "state actors" for purposes of Section 1983 claims. Likewise, although Ms. Bush may want to represent her mother and her mother's trust, she cannot legally do so.[3] For this reason, Ms. Bush's complaint

---

[3] This Court did not pass upon the merits of any of Ms. Bush's state law tort claims because it lacks jurisdiction to do so. However, should she choose to re-file her claim in a court of competent jurisdiction, the merits of those claims—or lack thereof—can be properly considered, as can a motion for sanctions, if appropriate.

7

was disposed of at an early stage. Because the Court *sua sponte* screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Defendants did not need to prepare a motion to dismiss or produce any discovery.

In addition to the legal deficiencies in the complaint itself, the Court also considers whether Ms. Bush's conduct shows that she sought to harass Defendants or delay litigation. At the time she filed her two motions for sanctions, she was aware that the Court had already dismissed her case and she had received Defendants' May 8, 2020 letter. But this Court had not issued any prior orders that would have placed her on notice of the impropriety of the relief she seeks, and, so far as the Court can tell, there were no orders from other courts that otherwise precluded Ms. Bush from filing this action. *Accord Lai v. Dist. V-C Ethics Comm.*, No. CIV A 06-2661 WJM, 2006 WL 3677933, at *3 (D.N.J. Dec. 11, 2006) (granting sanctions where plaintiff violated order that precluded him from filing a case against defendants pending resolution of a bankruptcy case).

The Court declines to sanction Ms. Bush at this time. Some of her conduct—including that she reacted to Defendants' Rule 11 notice by filing a motion for sanctions—can be understood in light of her *pro se* status. And the Court is mindful that it previously granted Ms. Bush leave to proceed *in forma pauperis* because it found that she was unable to pay the fees to commence her case. *Bush*, 2020 WL 2198976, at *1. So, even if it were to grant Defendants' motion, the Court would hesitate to impose monetary sanctions on her.

Although the Court declines to award Defendants their attorneys' fees, it appreciates their concerns and frustrations with litigating this particular dispute for the past 13 years. It is this Court's intention that its prior dismissal—which was affirmed by the appellate court—places Ms. Bush on notice that future filings that ignore the effects of prior litigation (including this case) or are meritless and frivolous will not be tolerated by this Court. Should Ms. Bush attempt to file

another federal lawsuit—here or in another federal court—based on these dismissed claims, she is on notice that she may be subject to sanctions.

### III. Motion to Intervene on Ms. Bush's Behalf

While Ms. Bush's appeal was pending, Janice Wolk Grenadier, an "ADA Advocate/Intervener,"[4] filed a motion to intervene "in support of Mary Bush's sanctions." The effort is to persuade "this court to file a criminal complaint" against Attorney Chotkowski. Doc. No. 31. As best as the Court can tell, Ms. Grenadier does not appear to be a lawyer. Nor does she appear to be representing Ms. Bush. Ms. Grenadier appears to have inserted herself into the ongoing dispute between Ms. Bush and the appointed Guardians for her mother, including contacting the Defendants. After Ms. Grenadier attempted to contact the Defendants, Attorney Chotkowski requested that she not contact his clients and that any communication with him be done so in written form. Doc. No. 31-4 at 2-3. Based on this letter, Ms. Grenadier's motion accuses Attorney Chotkowski of harassing, bullying, intimidating and scaring her off.

As discussed above, the Court denies Ms. Bush's two motions for sanctions. Ms. Grenadier's motion to intervene—which the Court notes is troubling on the merits—is deemed moot.

### IV. Motion for Extension of Time to Serve Defendants

At this point, with Defendants having entered their appearances, Ms. Bush's motion to extend the time to serve Defendants is deemed moot.

---

[4] Among the supplemental documentation supposedly filed in support of Ms. Grenadier's motion is a memorandum from the Eastern District of Virginia which details her "protracted history of frivolous, and at times indignant, legal actions" against "forty-two active or retired federal judges." Doc. No. 31-1. The court there revoked Ms. Grenadier's *in forma pauperis* privileges for two years and prospectively imposed a sanction for any future "new frivolous action" she filed after her two-year ban. The court also placed her on notice that continued frivolous filings may lead to "revived contempt proceedings" including "a potential prosecution for criminal contempt." Doc. No. 31-1 at 20.

## CONCLUSION

For the reasons set out in this Memorandum, the Court denies Ms. Bush's Motion for Relief from Judgment under Rule 60(b), both of Ms. Bush's motions for sanctions, and Defendants' motion for sanctions. Ms. Bush's motion for an extension of time to serve Defendants and the motion to intervene on Ms. Bush's behalf are deemed moot. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE